UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| John Keough ) | |
|    AKA Fisher Hill Realty Trust, Nepreo ) | |
|    *Plaintiff* ) | |
| v. ) | Docket # 24-cv-12898-RGS |
| Pankaj Merchia, Jagjiwan Merchia, ) | |
|  and Shona Pendse ) | |
|   Defendants ) | |

**VERIFIED** **MOTION TO RECONSIDER REMAND BY DEFENDANT
DR. PANKAJ MERCHIA**

   I, Defendant, Dr. Pankaj Merchia, *pro se*, a physician scientist who has dedicated her life to patient care and medical research, here, ask this honorable court to reconsider its decision of earlier this morning to remand this case for the following reasons:

## Facts

1. Plaintiff Attorney Keough has filed at least 4 lawsuits in Massachusetts State Courts based upon the same underlying issues resulting in unnecessary complexity and confusion.  Upon information and belief, Attorney Keough specializes in debt collection.

2. Plaintiff's cases against Defendants seek at least **$936,620**.

    a. In Norfolk County Superior Court Docket # 2482cv00948

      Attorney Keough "**$500,000**" from Defendants which has been removed to US District Court for Massachusetts Docket 24-cv-12899. See Exhibit A.

   b. In Suffolk County Civil Court Docket 2484cv02939 Attorney Keough seeks "**$390,000**" from Defendants whose removal has been requested in US District Court for Massachusetts Docket 24-cv-12899 ECF #9. See Exhibit B.

   c. In Boston Municipal Court Docket # 2401cv002656 Attorney Keough seeks "**$46,260**" whose removal has been requested in US District Court for Massachusetts Docket 24-cv-12899 ECF #8. See Exhibit C.

   d. In the case removed here, Brookline District Court Docket 2409cv0102 Attorney Keough also seeks "**$46,620**".

3. Defendant does not know the exact total amount of the cases Plaintiff has filed because Plaintiff has refused to provide a list of the cases to Defendant. Upon information and belief, he has also refused to provide a list of cases to the other Defendants.

4. Defendant had attested to this court under penalty of perjury that the amount in controversy was in excess of $75,000. See ECF #7 ¶7b with title of response as "VERIFIED" and attestation above signature on page

3 of 31 "Verification: Plaintiff attests the foregoing is true based upon personal knowledge and signed under the pains and perils of perjury."

5. Pro Se Defendant had further written in ECF #7 "Defendant requests this honorable court to inform him if there are other items or details the court requires to maintain jurisdiction and removal.  If additional items or details are required, then Defendant respectfully asks that he be given an opportunity to provide the additional items or details."

6. Emails from Plaintiff to the three Defendants refusing to provide a list of the cases and the complaints are being gathered and will be filed as a supplement with the court.

7. Two of Attorney Keough's cases seek less than $75,000 which subverts this honorable court's jurisdiction.

## Law

8. Where the actual amount in controversy is in excess of $75,000, artful pleading should not be allowed to deprive Defendant of Federal Jurisdiction.  See Therrien v. Hamilton, 881 F. Supp. 76, 78 (D. Mass. 1995).

9. Pro Se Defendant writes this within a business day of Plaintiff's filing and needs a reasonable amount of time to look up the relevant case law.

## **Argument**

10. Since the amount in controversy is in excess of $75,000;

11. Defendant Dr. Merchia in support of his removal had testified that Plaintiff had filed multiple state court cases and that the amount in controversy is in excess of $75,000;

12. Defendant had asked the court for an opportunity to provide additional information, particularly if it would disregard his attestation under penalty of perjury;, and here

13. Defendant provides judicially noticeable evidence demonstrating that the amount in controversy is in excess of $75,000

14. Pro Se Defendant respectfully asks this honorable court to reconsider its decision and maintain jurisdiction.

15. In the alternative, pro se Defendant requests an opportunity to be heard on this court's consideration of remandp.

## **Request for hearing**

Pro Se, Dr. Merchia, here files this in less than 2 hours of this court's order this morning and requests a hearing on the motion.

## **Duty to Confer Statement**

Defendant emailed Plaintiff this morning as to whether he would consent to this motion and has not received a response.

## **Verification**

I, Dr. Pankaj Merchia, attest that the foregoing is true based upon personal knowledge and signed under the pains and perils of perjury.

                               Humbly and Respectfully submitted ,
                               /s/Pankaj Merchia
                               Pankaj Merchia, M.D.
                               Email: pMerchiaLegal @ gmail.com

**Certificate of Service**

I, Pankaj Merchia, hereby attest that on the date this motion is accepted by the court's ECF system, I understand that all parties will be served a copy of the same. Out of an abundance of caution, I will also email it to jkeough @ nepcoinc.com , sPendseFormal @ gmail.com, and jMerchiaFormal @ gmail.com.

/s/Pankaj Merchia, M.D.

Pankaj Merchia

# Exhibit A

| Exhibit A |
| --- |

US District Court Docket 1:24-cv-12899-MJJ

7

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss                                                SUPERIOR COURT
                                                                        Docket No. 2482CV00948

NEPREO, INC.                             )
                                       )
                         Plaintiff,     )
v.                                             )     **FIRST AMENDED**
                                       )     **COMPLAINT**
JAGJIWAN MERCHIA,           )
SHONA PENDSE, ANIL PENDSE, and    )
RATNA PENDSE                    )
                                       )
                        Defendants.   )

RECEIVED & FILED
2024 OCT 11 PM 3:32
CLERK OF THE COURT
NORFOLK COUNTY

### Introduction

1.      This is an action by Plaintiff, assignee of a $500,000 money judgment from this Court against Pankaj Merchia (Debtor), asserting claims for the fraudulent transfer of multimillion-dollar real estate in Brookline, Massachusetts, from the Debtor and Defendants Shona Pendse and Anil and Ratna Pendse (Shona's parents) to Defendant Jagjiwan Merchia (Debtor's father) for nominal consideration ($6,000) in an effort to hinder, delay, or defraud Plaintiff's recovery of the judgment debt. The fraudulent deed was recorded just months <u>after</u> entry of the money judgment against Debtor and <u>one day</u> after Debtor emailed undersigned counsel stating "I am in need of cash" while soliciting offers for the sale of the same Brookline property. Defendant Jagjiwan Merchia also signed and filed a fraudulent declaration of homestead. Plaintiff asserts two counts of fraudulent transfer under the Uniform Fraudulent Transfer Act, non-statutory creditor's bill, common law fraud, and violation of Chapter 93A.

### Parties

2.      Plaintiff NEPREO, Inc. ("**Plaintiff**") is a Massachusetts corporation having an address of 337 Freeport Street, Boston, Massachusetts, 02122, Suffolk County.

# Exhibit B

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                           SUPERIOR COURT
                                                   Civil Docket No.

JOHN M. KEOUGH, Trustee of    )
FISHER HILL REALTY TRUST,    )             24-2939 H
                                       )
                     Plaintiff,     )
v.                                  )             **COMPLAINT**
                                       )
BOYLSTOND3 LLC and          )
SHONA PENDSE,                  )
                                       )
                     Defendants.  )

Introduction

1.     This is an action by Plaintiff, holder of a $390,000 money judgment from superior court against defendant BoylstonD3 LLC for declaratory judgment (Count 1) that a purported deed recorded in 2022 is void, *ultra vires*, and ineffective to transfer BoylstonD3 LLC's interest in real estate located in Brookline, Massachusetts, and, consequently, Plaintiff's judgment lien encumbering such real estate is valid. Plaintiff also seeks an accounting (Count 2) as to BoylstonD3 LLC, including in connection with its purported "termination," and appointment of a Liquidating Trustee or Receiver as to BoylstonD3 LLC (Count 3) to effectuate enforcement of orders and/or judgment of this Court or to wind up the affairs of the company. Defendant Shona Pendse is the resident agent and managing member of BoylstonD3 LLC.

Parties

2.     Plaintiff John M. Keough, Trustee of Fisher Hill Realty Trust ("**Plaintiff**"), is a trust having an address of 337 Freeport Street, Boston, Massachusetts, 02122, Suffolk County.

3.     Defendant BoylstonD3 LLC (the "**BoylstonD3**") is a limited liability company organized under the laws of Minnesota and registered as a foreign LLC in Massachusetts.

# Exhibit C

4. On or about April 25, 2024, the Massachusetts Appeals Court entered an Order awarding Plaintiff his attorneys' fees totaling $46,620.00, arising out of the frivolous appeals filed by Defendant from several adverse rulings against Defendant in the Massachusetts Land Court. A copy of the Order of the Massachusetts Appeals Court is attached hereto as **Exhibit A.**

5. On April 25, 2024, the Massachusetts Land Court entered the Massachusetts Appeals Court Order on its Docket. A copy of the Land Court Docket is attached hereto as **Exhibit B.**

6. On September 11, 2024, the Massachusetts Land Court issued an Execution in favor of Plaintiff against Defendant (the "Execution"). A copy of the Execution is attached hereto as **Exhibit C.**

7. The Plaintiff is the owner and holder of the Land Court Judgment.

8. The Land Court Judgment remains in full force and effect.

9. The Land Court Judgment is entitled to full faith and credit.

10. The Land Court Judgment has not been satisfied.

WHEREFORE, Plaintiff John M. Keough, Trustee of Fisher Hill Realty Trust, prays that the court enter a Judgment against the Defendant, Shona Pendse, in the sum of $46,620.00, plus interest accruing from and after April 25, 2024, at 12% per annum, plus costs, plus attorneys'